IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATIE GREGG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| LTTS CHARTER SCHOOL, INC. | § | |
| D/B/A UNIVERSAL ACADEMY | § | |
| | § | |
| Defendant. | § | **DEMAND FOR JURY** |

## COMPLAINT

Plaintiff Katie Gregg ("Plaintiff") by and through the undersigned counsel, files this Complaint against LTTS Charter School, Inc. d/b/a Universal Academy ("Defendant" or "Universal Academy") and in support thereof would state and allege as follows:

### NATURE OF ACTION

1.  This action is for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the Family Medical Leave Act of 1993 (**"FMLA"**), Americans with Disabilities Act (**"ADA"**) and for unpaid or wrongfully withheld wages stemming from Defendant's breach of its employment agreement with Plaintiff.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

3.      Plaintiff has satisfied all administrative prerequisites to suit under the American with Disabilities Act (ADA) in that: she timely filed a Charge of Discrimination with the Texas Workforce Commission alleging discrimination, received a notice of right to sue letter on October 31, 2018, and filed this Complaint within sixty (60) days of that notice.

4.      Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to their claims under the FLSA and the ADA that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant engages in business here and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## THE PARTIES

6.      Plaintiff Katie Gregg is a resident of Dallas County, Texas. Plaintiff is an "eligible employee" within the meaning of 29 U.S.C. § 2611(2)(A).

7. Defendant LTTS Charter School, Inc. d/b/a Universal Academy is a Texas corporation whose registered address is 2616 N. MacArthur Boulevard, Irving, Texas 75062. Defendant may be served with process by serving its registered agent Universal Academy at 2616 N. MacArthur Boulevard, Irving, Texas 75062, or wherever it may be found. Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4)(A).

## FACTUAL ALLEGATIONS

8. In 2016, Universal Academy hired Plaintiff as a kindergarten teacher. Prior to accepting this position, Plaintiff made Universal Academy aware that she was the victim of an armed robbery and suffered from post-traumatic stress disorder as well as episodes of stress and anxiety.

9. In December 2017, Plaintiff informed her supervisor, Dr. Dana Jobe, that she was experiencing increased levels of stress and anxiety and provided Defendant a note from her physician requesting an accommodation in her daily schedule for the purpose of maintaining stability with her mental health. Universal Academy did not respond to Plaintiff's request for an accommodation.

10. In early February 2018, Plaintiff requested that she be permitted to take a few days off for mental health treatment associated with her post-traumatic stress disorder and asked Defendant what her options were for taking necessary time off. In response, Universal Academy stated that Plaintiff could: (1) resign

from her employment; (2) take what remaining sick days she had left; or (3) request leave under the Family Medical Leave Act ("FMLA"). Plaintiff opted to request leave under FMLA.

11. Over twenty (20) days after Plaintiff first requested leave, Universal Academy finally approved Plaintiff's request for continuous FMLA leave from February 19, 2018 to March 5, 2018 and intermittent leave from February 18, 2018 to June 1, 2018.

12. The day after receiving approval to take FMLA leave, Universal Academy sent Plaintiff an email stating that it would be assigning a substitute teacher to her classroom for the remainder of the year and would provide her with an "alternate assignment" upon her return from FMLA leave. Despite Plaintiff's protest, Universal Academy removed Plaintiff from her assigned kindergarten classroom and re-assigned her to act as a substitute teacher.

13. Following her return from FMLA leave, Universal Academy engaged in a pattern of hostile and discriminatory conduct directed toward Plaintiff. In addition to demoting Plaintiff to a substitute teacher position, Universal Academy completely removed Plaintiff's access to e-mail, stating that "subs do not need email" although it provided other substitute teachers with access to email. Due to the absence of email, Plaintiff was required to rely on her colleagues to print out emails and relay important deadlines and information.

Oftentimes she did not receive copies of emails until days after they were sent to her colleagues. Plaintiff was also required to organize and clean out an empty classroom housing boxes of paperwork.

14. Additionally, Universal Academy engaged in a pattern of hostile and discriminatory conduct directed toward Plaintiff following her return from FMLA leave. In fact, the very same day Plaintiff returned from FMLA leave she received formal disciplinary action for failing to complete grades for her students which were due *during* the time she was on pre-approved FMLA leave. Additionally, Plaintiff's supervisor openly and repeatedly referred to Plaintiff's leave as "medical leave" and actively prevented Plaintiff from socializing with other teachers at Universal Academy. Moreover, Universal Academy targeted Plaintiff and engaged in formal disciplinary measures for minor mistakes that other teachers would make, but would not be disciplined for.

15. Finally, Universal Academy refused to accommodate Plaintiff's needs in violation of the ADA. Specifically, Plaintiff made numerous requests for minor accommodations over the course of her employment with Universal Academy which were either ignored completely or denied.

16. Specifically, Plaintiff, through her physician, requested a consistent daily schedule for the purpose of maintaining stability with her mental health. Universal Academy did not respond to Plaintiff's request for an accommodation.

Additionally, Plaintiff requested that she be allowed to wear sweatpants to minimize the pain her uniform caused to a pre-existing back injury, as well as permission to discretely eat a snack on occasion as necessary to control the effects of her prescribed medication. Universal Academy rejected these requests for a reasonable accommodation.

17. Following the 2017-2018 school year, Universal Academy did not renew Plaintiff's contract to act as a kindergarten teacher for the 2018-2019 school year. Universal Academy's termination of Plaintiff's employment was unlawfully related to Plaintiff's ADA and FMLA entitled rights, and has caused Plaintiff to lose income and other privileges and benefits of employment, and incur attorney's fees and expenses.

18. In addition to Universal Academy's violations of Plaintiff's rights under FMLA and ADA, Universal Academy wrongfully withheld funds from Plaintiff's paycheck for a life insurance premium she had opted out of, as well as deducting wages for days when was absent from work with approval, instead of utilizing Plaintiff's available paid time off ("PTI") benefits.

19. The unlawful practices complained of herein were intentional, willful, or done with malice or reckless indifference to the federally protected rights of Plaintiff.

## CAUSE OF ACTION

### VIOLATIONS OF FMLA

20. Plaintiff incorporates all allegations contained in the preceding paragraphs.

21. Plaintiff is an eligible employee under the FMLA and had a serious medical condition as defined by the FMLA and implementing regulations. 29 U.S.C. § 2611(11).

22. Defendant violated the FMLA by engaging in adverse employment actions against Plaintiff following her taking protected leave. Indeed, an employee must be restored to his or her original job or an equivalent job with equivalent pay, benefits, and other terms and conditions of employment following his or her return from FMLA leave. 29 U.S.C. § 2614.

23. Defendant violated the FMLA by: (1) demoting Plaintiff to a substitute teacher following her request for FMLA leave; (2) treating her less favorably than employees who had not taken FMLA leave; and (3) terminating her employment following her return from FMLA leave.

24. The actions taken by Defendant both denied Plaintiff the benefits of protection under the FMLA and interfered with her rights under the FMLA.

25. The actions taken by Defendant caused Plaintiff to suffer damages.

## VIOLATIONS OF AMERICAN WITH DISABILITIES ACT

26. Plaintiff incorporates all allegations contained in the preceding paragraphs.

27. As described above, Plaintiff has a history of post-traumatic stress disorder, suffers from a back injury, and is prescribed medications that require her to eat periodically throughout the day.

28. Defendant failed and refused to make reasonable accommodations for Plaintiff, and instead terminated her employment in violation of the ADA. 42 U.S.C. § 12112(b)(5)(A).

29. Defendant's violation of the ADA was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

## BREACH OF CONTRACT

30. Plaintiff incorporates all allegations contained in the preceding paragraphs.

31. As described above, Defendant wrongfully withheld funds from Plaintiff's paycheck for a life insurance premium she had opted out, as well as deducting her wages instead of applying her available PTO for approved days off. Defendant's conduct constitutes a material breach of Plaintiff's employment agreement with Defendant.

32. As a result of Defendant's breaches, Plaintiff suffered economic injury within the jurisdictional limits of this Court for which they now sue.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

A. Actual damages;

B. Compensation in the form of appropriate back pay, front pay, and damages for lost benefits, and any other relief necessary to compensate Plaintiff for damages pursuant to the FMLA and ADA;

C. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FMLA, ADA, and Chapter 38 of the TEXAS PRACTICES AND REMEDIES CODE, both for this cause and for any and all appeals as may be necessary;

D. Pre-judgment and post judgment interest at the highest rates allowed by law; and

E. Such other and further legal or equitable relief to which Plaintiff may be entitled.

## JURY DEMANDED

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: /s/ Brandi J. McKay
**BRANDI J. MCKAY**
Texas State Bar No. 24075380
brandi.mckay@solidcounsel.com
**KATHERINE VALENT**
Texas State Bar No. 24070654
Katherine.valent@solidcounsel.com
500 North Akard, Suite 2700
Dallas, Texas  75201
214.706.4200
214.706.4242 Fax
*Attorneys for Plaintiff*
